UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BYRON WILLIAMS,<br><br>                    Plaintiff,<br>v.<br><br>SPRING VALLEY HOSPITAL,<br><br>                    Defendant. | Case No. 2:19-cv-00419-GMN-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 3), filed on March 29, 2019. Also before the Court is Plaintiff's Motion to Amend Complaint (ECF No. 7), filed on July 30, 2019.

**I.    Application to Proceed *In Forma Pauperis***

Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 plus an additional $50 administrative fee is required to commence a civil action in federal district court. The court may authorize the commencement of an action without prepayment of fees and costs or security if the plaintiff is granted *in forma pauperis* status by the Court. 28 U.S.C. § 1915(a)(1). To proceed *in forma pauperis*, a plaintiff must submit an *in forma pauperis* application to the Court, accompanied by an *In Forma Pauperis* Financial Certificate and a copy of the plaintiff's prison account statement showing the current balance of the account.

On March 29, 2019, Plaintiff filed his Application to Proceed *In Forma Pauperis* (ECF No. 3). Plaintiff represents that he is incarcerated and therefore has no funds available. (*See* ECF No. 3). He, however, failed to include a copy of his prison account statement showing the current balance of the account pursuant to Local Rule LSR 1-2 which states as follows:

> When submitting an application to proceed in forma pauperis, an incarcerated or institutionalized person must simultaneously submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust

1

account at the institution and the net deposits in the applicant's account for the six months before the date of submission of the application. If the applicant has been at the institution for fewer than six months, the certificate must show the account's activity for this shortened period.

Therefore, Plaintiff is instructed to re-file his Application and Financial Certificate to include a copy of his prison account statement in accordance with Local Rule LSR 1-2. Plaintiff shall re-file his Application no later than **August 30, 2019**.

Plaintiff is notified that when a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2). The regular filing fee is $400, consisting of the $350 filing fee and a $50 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $400 filing fee. If the inmate qualifies for IFP status, the $50 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

If Plaintiff chooses to file a new application, he is advised that he must file a fully complete application to proceed *in forma pauperis*.

## II. Motion to Amend

Plaintiff requests leave to amend his complaint to add claims and requests for relief. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.§ 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

The Court has not yet screened Plaintiff's complaint. The Court will allow Plaintiff to file an amended complaint that will be screened pursuant to 28 U.S.C.§ 1915A. Plaintiff is informed

that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e). Plaintiff shall file his amended complaint no later than **August 30, 2019**.

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 3) is **denied** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (ECF No. 7) is **granted**.

Dated this 31st day of July, 2019.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE